# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:13-cR-00096 LJO SKO 1** |
| **Plaintiff,** | **ORDER RE MOTION FOR CLARIFICATION AND/OR RECOMMENDATION FOR CONCURRENT SENTENCE (Doc. 14)** |
| v. | |
| **ARTURO GALVAN-ANDRADE,** *et al.*, | |
| **Defendants.** | |

On July 2, 2015, the Court received a letter dated June 26, 2015 from Defendant requesting "clarification" of his sentence. Specifically, Defendant states:

> It was my understanding that my federal sentence would be running concurrent with my state sentence. Please let me know that my sentence has not been running concurrent but rather consecutive. When I was sentenced, the interpreter told me that the Judge had ordered my sentence to run concurrent. If this is true please provide confirmation and clarification so the Federal Bureau of Prisons can award me the credits I am entitled to, if not, please consider this my request for a recommendation for concurrency.

Doc. 14.

As to Defendant's request for clarification, the Court can confirm that his sentence is set to run consecutive to his state sentence. In his plea agreement, Defendant agreed "that any sentence imposed in this case will be served consecutively to any other sentence that he might now be serving." Doc. 11 at ¶ 4(c). In addition, the Judgment in Defendant's criminal case, entered June 26, 2015, makes no mention

1

of running Defendant's federal sentence concurrent to his state sentence. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584.

As to Defendant's request that his June 26, 2015 letter be deemed a request for a recommendation of concurrency, this Court adopted the terms of the Plea Agreement in pronouncing sentence in this case and lacks jurisdiction to modify the sentence in the absence of a properly presented petition pursuant to 28 U.S.C. § 2255 ("Section 2255").[1] However, Defendant waived his right to contest his plea, conviction, or sentence by way of a Section 2255 petition, Doc. 11 at ¶ 4(f), and makes no contention that the Plea Agreement was unknowing or involuntary. Accordingly, the Court declines to make a recommendation of concurrency.

IT IS SO ORDERED.

Dated:   **August 10, 2015**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[1] Although Defendant's June 26, 2015 letter was docketed as a Section 2255 petition, the Court does not construe it as such.

2