# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:13-cr-00096 LJO SKO 1 |
| **Plaintiff,** | **ORDER RE REQUEST FOR COPY OF TRANSCRIPTS  (Doc. 16)** |
| v. | |
| **ARTURO GALVAN-ANDRADE,** *et al.*, | |
| **Defendants.** | |

On July 2, 2015, the Court received a letter dated June 26, 2015 from Defendant requesting "clarification" of his sentence. Doc. 14. Specifically, Defendant stated:

> It was my understanding that my federal sentence would be running concurrent with my state sentence. Please let me know that my sentence has not been running concurrent but rather consecutive. When I was sentenced, the interpreter told me that the Judge had ordered my sentence to run concurrent. If this is true please provide confirmation and clarification so the Federal Bureau of Prisons can award me the credits I am entitled to, if not, please consider this my request for a recommendation for concurrency.

*Id.* at 1. On August 10, 2015, the Court issued an Order in response to this request, confirming that Defendant's sentence is set to run consecutive to his state sentence.

> In his plea agreement, Defendant agreed "that any sentence imposed in this case will be served consecutively to any other sentence that he might now be serving." Doc. 11 at ¶ 4(c). In addition, the Judgment in Defendant's criminal case, entered June 26, 2015, makes no mention of running Defendant's federal sentence concurrent to his state sentence. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584.

1

Doc. 15 at 1-2.

On October 23, 2015, Defendant filed a "Pro Se Motion Seeking Copy of Transcripts and Correction of Judgment." Doc. 16. In that Motion, Defendant asserts that at his sentencing on June 24, 2013, he was sentenced to 46 months of imprisonment "to run concurrent with his future state sentences." *Id*. at 1. He further asserts that the "Judgment does not state the verbal order" and that he is "being denied Jail Time Credits because of that." *Id*. Specifically, Defendant requests review of the sentencing transcript to "see what the Judge said during his sentencing." *Id*.

Defendant's sentencing was recorded electronically, so no transcript exists at this time. However, the Court has listened to the recording in its entirety and can confirm that the Court ordered Defendant's federal sentence to run <u>consecutive</u> to any other undischarged term of imprisonment.

Defendant also requests a copy of his sentencing transcript so he "can present [it] to the [Federal Bureau of Prisons] officials who can correct the error." *Id.* The Court assumes that Defendant is requesting the transcript be prepared at government expense. 28 U.S.C. § 753(f) allows the preparation of transcripts at government expense for indigent defendants if the trial judge certifies that the suit is not frivolous. Here, in light of the Court's own review of the electronic recording, which reveals that the Court orally ordered Defendant's federal sentence to run consecutive to any other undischarged term of imprisonment, any challenge to the consecutive treatment of his sentences would be frivolous. Accordingly, Defendant's request for a transcript is DENIED.

IT IS SO ORDERED.

   Dated:   **December 23, 2015**               **/s/ Lawrence J. O'Neill**
                                                                                        UNITED STATES DISTRICT JUDGE